# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DESMOND HICKS,<br><br>                Plaintiff,<br>v.<br><br>JAMES BORGEN, TYLER BRODERICK, KELLY SCHOEBEL, LANCE PENN, CASEY GIGSTEAD, DR. KAREN RONQUILLO HORTON, MICHELLE ROBBINS, and MARIE BRENNER,<br><br>                Defendants. | Case No. 22-CV-533-JPS<br><br>**ORDER** |

      Plaintiff Desmond Hicks, an inmate confined at Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On May 3, 2022, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee, ECF No. 2. On July 8, 2022, however, Plaintiff paid the filing fee in full; the Court will therefore deny as moot the motion for leave to proceed without prepayment of the filing fee. The remainder of this Order screens Plaintiff's complaint.

**1.**     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he suffers from chronic pain following his surgery on May 22, 2022 at Froedtert Hospital Orthopedic Department in Milwaukee for a quadriceps tendon rupture in his left leg. ECF No. 1 at 2.

After his surgery, Plaintiff returned to Fond Du Lac County Jail ("FDLJ") where he alleges he failed to get proper medical care. Plaintiff names three FDLJ healthcare providers, Defendant Ronquillo-Horton ("Ronquillo-Horton"), Defendant Robbins ("Robbins"), and Defendant Brenner ("Brenner"). *Id.* at 3. Specifically, Plaintiff alleges that these three defendants delayed him effective medical care and failed to properly address his complaint of chronic pain following his surgery. *Id.* Plaintiff claims these defendants forced him to suffer needless pain from May 2019 until he was released from FDLJ in February 2020; Plaintiff now walks with a permanent limp. *Id.*

Following his denial of proper medical treatment, Plaintiff filed grievances against those defendants. Plaintiff alleges that various FDLJ security employees then retaliated against him for the filing of his complaints. As to his retaliation claim, Plaintiff names Defendant Borgen ("Borgen"), Defendant Broderick ("Broderick"), Defendant Schoebel ("Schoebel"), Defendant Penn ("Penn"), and Defendant Gigstead ("Gigstead"). *Id.* Specifically, Plaintiff alleges that these defendants retaliated against him by placing him in isolation status, filing a false disciplinary report against him, limiting his canteen ordering, limiting his dayroom (phone, television and interaction with other inmates), searching his cell on an almost weekly basis, and denying him medical care assistive devices in the dayroom. *Id.* at 3-4. Plaintiff additionally alleges that these defendants blocked the phone number for Dr. William Raasch, the surgeon at Froedtert Hospital. *Id.* at 4.

3.  **ANALYSIS**

First, Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Ronquillo-Horton, Robbins, and Brenner for

Page 3 of 8
Case 2:22-cv-00533-JPS   Filed 11/01/22   Page 3 of 8   Document 8

their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

Plaintiff alleges that he has suffered chronic pain following a surgical procedure and that Ronquillo-Horton, Robbins, and Brenner denied him care to address his pain. He alleges that he suffered needless pain for many months following his surgery. At the pleadings stage, the Court finds that Plaintiff's allegations sufficiently state an Eighth Amendment deliberate-indifference claim to a serious medical need against Ronquillo-Horton, Robbins, and Brenner.

Second, the Court finds that Plaintiff can proceed against Borgen, Broderick, Schoebel, Penn, and Gigstead on a First Amendment retaliation

claim. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that these defendants retaliated against him for filing inmate grievances. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, he alleges suffering multiple deprivations—placing him in isolation status, filing a false disciplinary report against him, limiting his canteen ordering, limiting his dayroom (phone, television and interaction with other inmates, searching his cell on an almost weekly basis, and denying him medical care assistive devices in the dayroom—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter First Amendment activity). Plaintiff alleges that these actions were done in retaliation for his First Amendment activity of filing grievances. At the pleadings stage, the Court therefore finds these allegations sufficient to state a First Amendment retaliation claim against Borgen, Broderick, Schoebel, Penn, and Gigstead.

### 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate indifference to a serious medical need claim against Ronquillo-Horton, Robbins, and Brenner.

**Claim Two:** First Amendment retaliation claim against Borgen, Broderick, Schoebel, Penn, and Gigstead.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants Ronquillo-Horton, Robbins, Brenner, Borgen, Broderick, Schoebel, Penn, and Gigstead pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Ronquillo-Horton, Robbins, Brenner, Borgen, Broderick, Schoebel, Penn, and Gigstead shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 1st day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 8
Case 2:22-cv-00533-JPS    Filed 11/01/22    Page 7 of 8    Document 8

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.